UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

TIME WARNER CABLE OF NEW YORK CITY, a division of Time Warner Entertainment Company, L.P.,

Plaintiff,

v.

RIZLER, INC. d/b/a BLAST MARKETING, SCOTT SMITH, CHRISTOPHER SMITH, JOHN DOES 1-10, JANE DOES 1-10, UNIDENTIFIED CORPORATIONS 1-10, and UNIDENTIFIED BUSINESS ENTITIES 1-10,

Defendants.

01 CIV 1077 DDA/FLN

**ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT ON SCOTT SMITH'S COUNTERCLAIMS**

---

PATRICK J. SULLIVAN, Lefkowitz, Louis & Sullivan, L.L.P., and SONYA BRAUNSCHWEIG, Oppenheimer, Wolf & Donnelly, L.L.P., on behalf of the plaintiff.

ANTHONY J. SICILIANO on behalf of the defendants.

---

The above-entitled matter came on for hearing before this Court on October 17, 2002 upon Defendant Scott Smith's Motion for Summary Judgment as to his Abuse of Process Counterclaim (Count I) and upon the Plaintiff's Motion for Summary Judgment as to the Abuse of Process (Count I) and Defamation (Count II) Counterclaims. For the reasons stated herein, the Court will deny the defendant's motion and grant the plaintiff's motion.

## I. BACKGROUND

Time Warner Cable of New York City ("Time Warner") owns and operates cable television systems in New York City. Rizler, Inc., d/b/a Blast Marketing ("Blast"), located in Cannon Falls, Minnesota, was in the business of selling cable television decoding devices to people in the New York City area. Blast was owned and operated by Defendant Christopher Smith ("Chris Smith"). The Building in which Blast operated was owned by Chris Smith's father, Defendant Scott Smith. Time Warner conducted a private investigation of Blast in March 2001, which included surveillance

FILED NOV 2 0 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD NOV 2 0 2002
DEPUTY CLERK ________

of the premises. Time Warner thereafter commenced this action against Chris Smith, Scott Smith, and Blast.

Time Warner moved for a Temporary Restraining Order ("TRO") providing for the seizure of Blast's business records and decoders, which motion was granted on June 22, 2001. Subsequently, pursuant to the Order, the United States Marshall seized items from Blast. On June 29, 2001, with the consent of all parties, this Court ordered that the TRO be converted to a preliminary injunction. Scott Smith filed an Answer and Counterclaims to Time Warner's Complaint on August 31, 2001.

## II. DISCUSSION

### A. Summary Judgment Standard

The Supreme Court has held that summary judgment is to be used as a tool to isolate and dispose of claims or defenses that are either factually unsupported or are based on undisputed facts. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986); Hegg v. United States, 817 F.2d 1328, 1331 (8th Cir. 1987). Summary judgment is proper, however, only if examination of the evidence in a light most favorable to the non-moving party reveals no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

The test for whether there is a genuine issue of material fact is two-fold. First, the materiality of a fact is determined from the substantive law governing the claim. Only disputes over facts that might affect the outcome of the suit are relevant on summary judgment. Liberty Lobby, 477 U.S. at 252; Lomar Wholesale Grocery, Inc. v. Dieter's Gourmet Foods, Inc., 824 F.2d 582, 585 (8th Cir. 1987), cert. denied, 484 U.S. 1010 (1988). Second, any dispute of material fact must be "genuine". A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. Liberty Lobby, 477 U.S. at 252. It is the non-moving party's burden to demonstrate that there is evidence to support each essential element of its claim. Celotex, 477 U.S. at 324. The Court finds that this action is ripe for summary judgment.

**B. Abuse of Process Counterclaim**

Both parties request summary judgment on the Abuse of Process Counterclaim (Count I). An abuse of process claim requires proof of the existence of an ulterior motive and the act of using the process to accomplish a result not within the scope of the proceeding in which it was issued. Bigelow v. Galway, 281 N.W.2d 835, 837 (Minn. 1978); Kellar v. VonHoltum, 568 N.W.2d 186, 192 (Minn. Ct. App. 1997). In addition, the party asserting abuse of process must show injury to a person or property; indirect injury to a person's business or to his good name is not sufficient. Hoppe v. Klapperich, 28 N.W.2d 780, 787 (Minn. 1947). "The usual case of abuse of process is one of some form of extortion, using the process to put pressure upon the other to compel him to pay a different debt or to take some other action or refrain from it." Restatement (Second) of Torts §682 cmt. b (1977).

Scott Smith suggests that the facts underlying Time Warner's claims against him are so weak that an ulterior purpose for filing the lawsuit against him necessarily must have existed. He lists the following as his only alleged connections to Blast: 1) that he owned the building; 2) that he was at the building on the days in which Time Warner conducted surveillance; and 3) that he was observed having a conversation with a Federal Express driver on the premises. He then claims that Time Warner's ulterior motive in including him in the lawsuit "is the utilization of familial pressure to force a quick settlement to this action, a sort of familial blackmail" and that "creating undue pressure upon a family unit and extorting a settlement from an individual who has no legal culpability is not within the scope of the proceedings in which it was used." (Def. Mem. at 12).

The record does not support Scott Smith's claim that Time Warner had an ulterior purpose or used the legal process to accomplish a result not within the scope of the proceeding. The purpose of Time Warner's lawsuit is to recover for losses it claims to have suffered as a result of the sale of cable television decoding devices, and the record suggests that naming Scott Smith as a defendant is within the scope of that purpose. Even if Scott Smith is correct that Time Warner's lawsuit against him is baseless and that he was named as a defendant to force a settlement, his argument fails. Courts have held that even where a lawsuit is frivolous, damages and settlement are nonetheless included in the goals of proper process. See, e.g., Wilson v. Hayes, 464 N.W.2d 250,

267 (Iowa 1990); Bickel v. Mackie, 447 F. Supp. 1376, 1383 (N.D. Iowa), aff'd, 590 F.2d 341 (8th Cir. 1978). Time Warner merely pursued its legal rights and remedies, which does not give rise to a cause of action for abuse of process. See Surgidev Corp. v. Eye Tech., Inc., 625 F. Supp. 800, 806 (D. Minn. 1986). The Court will therefore grant Time Warner's Motion for Summary Judgment on Scott Smith's Abuse of Process Counterclaim.

**C. Libel Counterclaim**

In its response to Scott Smith's Motion for Summary Judgment on his Abuse of Process Counterclaim (Count I), Time Warner filed a Cross-Motion for Summary Judgment on both the Abuse of Process Counterclaim (Count I) *and* the Libel Counterclaim (Count II). Scott Smith did not respond to Time Warner's Motion for Summary Judgment on Count II. Time Warner argues that the defendant has failed to provide any facts, beyond general assertions, to support his claim. In addition, Time Warner argues that any allegedly defamatory statements were made during the course of litigation and that such statements cannot be used to support a defamation claim.

It is well-settled that a publication made in any judicial proceeding is absolutely privileged. Pinto v. Internationale Set, Inc., 650 F. Supp. 306, 308 (D. Minn. 1986) (citing Matthis v. Kennedy, 67 N.W.2d 413 (Minn. 1954)). This "privilege to defame . . . is not limited to statements during trial, but can extend . . . to steps taken prior thereto." Id. (quoting Lerette v. Dean Witter Org., Inc., 60 Cal. App.3d 573, 131 Cal. Rptr. 592, 594-95 (1976)). The scope of the privilege encompasses "anything that may possibly be pertinent," resolving all doubt "in favor of relevancy and pertinency." Cole v. Star Tribune, 581 N.W.2d 364, 369 (Minn. Ct. App. 1998) (quoting Matthis, 67 N.W.2d at 418)). The Court agrees that the defendant has failed to provide any factual support for this claim and that any allegedly defamatory statements that may have been made were made in the course of litigation. The Court will therefore grant Time Warner's Motion for Summary Judgment on Scott Smith's Libel Counterclaim (Count II).

Accordingly, upon review of the files, motions, and proceedings herein:

**IT IS HEREBY ORDERED** That:

1. The Defendant Scott Smith's Motion for Summary Judgment on his Abuse of Process

Counterclaim (Count I) is **DENIED**;

2. The Plaintiff's Motion for Summary Judgment on Scott Smith's Abuse of Process Counterclaim (Count I) is **GRANTED** and that claim is **DISMISSED**;

3. The Plaintiff's Motion for Summary Judgment on Scott Smith's Libel Counterclaim (Count II) is **GRANTED** and that claim is **DISMISSED**; and

4. The Clerk of Court shall enter judgment as follows:

> **IT IS HEREBY ORDERED, ADJUDGED, and DECREED** That the Defendant Scott Smith's Counterclaims are dismissed in their entirety with prejudice.

DATED: November 20, 2002

DONALD D. ALSOP
United Stated District Court Judge